IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHELDON SCOTT and JAMES TAYLOR, )
             )
  Plaintiffs,       )
             )
      V.      )
             )
CITY OF SOUTH BEND, SCOTT A.   )
RUSZKOWSKI, Individually and in his  )   Cause No. 3:21-cv-223
Official Capacity as Chief of Police,   )
TIMOTHY LANCASTER, JASON BIGGS, )
KAYLA MILLER, and KYLE LERCH,  )
             )
             )
  Defendants.      )

## C O M P L A I N T

Plaintiffs Sheldon Scott and James Taylor, by counsel respectfully make their Complaint for Damages and aver as follows:

## Nature of Case

1. This lawsuit seeks redress from municipal officials who retaliated against Plaintiffs for exercising their First Amendment right to participate in a lawsuit to vindicate federally protected rights.

**Jurisdiction**

2.   Plaintiffs bring this action pursuant to Title VII of the Civil Rights Act and 42 U.S.C. § 1983 to redress the violations of their rights under the First Amendment.  This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C.  § 1331 and § 1343.

3.   Venue is proper in the South Bend Division because the Defendants reside in this division and the events complained of occurred in this division.

**Parties**

4.   Sheldon Scott is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

5.   James Taylor is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

6.   The City of South Bend is a government unit of the State of Indiana located in St. Joseph County, Indiana.  It acts through the South Bend Police Department.

7.   Scott A. Ruszkowski is an adult U.S. Citizen who resides in St. Joseph County, Indiana. He is sued in both individually and in his official capacity as Chief of the South Bend Police Department.

8.   Timothy Lancaster is an adult U.S. Citizen who resides in St. Joseph County, Indiana. He is sued in his individual capacity.

9.   Jason Biggs is an adult U.S. Citizen who resides in St. Joseph County, Indiana.  He is sued in his individual capacity.

10.   Kayla Miller is an adult U.S. Citizen who resides in St. Joseph County, Indiana.   She is sued in her individual capacity.

11. Kyle Lerch is an adult U.S. Citizen who resides in St. Joseph County, Indiana. He is sued in his individual capacity.

**Facts**

12. Sheldon Scott ("Scott") was employed by the South Bend Police Department "(SBPD") from April 2003 to the present.

13. James Taylor ("Taylor") was employed by SBPD from August 1993 to the present.

14. Sometime in 2010 the telephone lines of certain high-level officers of SBPD were unlawfully intercepted and the telephone conversations of those officers and anyone to whom they spoke on the telephone were recorded.

15. These phone interceptions became the subject of litigation in this Court in *Brian Young, et Al. v. City of South Bend,* 3:12-cv- 532 JVB-CAN. The claim for damages in that case was resolved at the federal level and then the matter was remanded to the St. Joseph Superior Court to determine the disposition of the unlawful recordings (the "tapes litigation").

16. The tapes litigation was a major controversy in South Bend and caused embarrassment to the leadership of the SBPD.

17. Plaintiffs Scott and Taylor believed that their conversations were recorded when they placed phone calls to the officers whose phone lines had been unlawfully intercepted.

18. Scott and Taylor therefore moved on February 20, 2018 to intervene in the litigation pending in the St. Joseph Superior Court.

19. Prior to his intervention in the tapes litigation, Taylor was disciplined for poor job performance only once in his 25 year employment history.

20. After intervening in the tapes litigation, Taylor was subjected to seven Internal Affairs investigations, all of which proved unsubstantiated, and was placed on a Performance Improvement Plan despite his appropriate job performance.

21. This unwarranted discipline was initiated by Taylor's division commander, Timothy Lancaster, his captain, Jason Biggs, and his sergeant Kayla Miller.  All the investigations were approved by Chief of Police Scott A. Ruszkowski.

22. Ruszkowski removed Taylor as a task force officer deputized to the U.S. Bureau of Alcohol, Tobacco, and Firearms ("ATF").

23. As a result of this unwarranted discipline Taylor has been denied the opportunity to earn overtime pay or work in outside employment.

24. Lancaster, Biggs, Miller, and Ruszkowski subjected Taylor to unjustified discipline in retaliation for Taylor's participation in the tapes litigation.

25. Scott has been assigned since December 2009 as a task force officer working with the ATF.  This position, in addition to being professionally satisfying, offers considerable opportunities to earn overtime pay.

26. In September 2020 SBPD posted an opening for Scott's position as task force officer for the ATF, allowing anyone to apply for it.

27. Ruszkowski opened up Scott's position as ATF task force officer in retaliation for Scott's participation in the tapes litigation.

28. Scott applied for his position, as did four other SBPD officers.

29. The incoming task force coordinator in charge of the ATF's South Bend office, Kyle Lerch ("Lerch") told Scott that he was intimidated by Scott's experience and that he did not feel comfortable supervising someone of Scott's age.

30. On or about October 15, 2020 Lerch selected the youngest applicant for the position of task force officer, who was 35, and rejected Scott, who was 48.

31. At all relevant times Ruszkowski, Lancaster, Biggs, and Miller acted in the course of their employment by the City of South Bend and under color of Indiana law.

32. At all relevant times Lerch acted in the scope of his employment by the United States and under color of Indiana and federal law.

33. Scott and Taylor have been damaged by the loss of overtime opportunities, professional development, and damage to their reputation.

## Legal Claims

34. Ruskowski, Lancaster, Biggs, and Miller initiated unwarranted discipline against Taylor in retaliation for his participation in the tapes litigation, in violation of the First Amendment.

35. Ruskowski opened up applications for Scott's position as ATF task force officer in retaliation for his participation in the tapes litigation, in violation of the First Amendment.

36. Lerch removed Scott from his position as AFT task force officer due to his age, in violation of the Equal Protection Clause of the Fourteenth Amendment, and in violation of the Age Discrimination in Employment Act ("ADEA.").

**<u>Relief</u>**

37.     Plaintiffs seek all relief allowable by law, including back pay, front pay, reinstatement, compensatory and punitive damages, and attorneys' fees.

Respectfully submitted,


<u>/s/</u> <u>Jeffrey S. McQuary</u>, 16791-49
TOMPKINS LAW
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@tlawindy.com

Attorney for Plaintiffs

6