UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHELDON SCOTT *et al.*,

    Plaintiffs,

v.    CAUSE NO. 3:21-CV-223 DRL-MGG

CITY OF SOUTH BEND *et al.*,

    Defendants.

OPINION AND ORDER

Two officers at the South Bend Police Department sued the City of South Bend for retaliatory conduct they say stemmed from their participation in a prior suit over alleged unlawful recording. One such officer, Sheldon Scott, also sued Kyle Lerch in his individual capacity under 42 U.S.C. § 1983. Officer Scott claims that Special Agent Lerch, the coordinator in charge of the U.S. Bureau of Alcohol, Tobacco, and Firearms office in South Bend where Officer Scott worked, violated his Fourteenth Amendment rights, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967. Agent Lerch moves to dismiss all of Officer Scott's claims against him. The court grants the motion to dismiss, albeit with leave to restate the ADEA claim alone.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Officer Scott's favor, as the court must at this stage, the following facts emerge. Officer Scott has been employed by the South Bend Police Department (SBPD) since April 2003 [ECF 1 ¶ 12]. In 2009, he was assigned to the ATF's joint task force, a position he held until 2020 [*id.* ¶ 25].

In September 2020, SBPD posted a public job listing for this same task force officer position [*id.* ¶ 26]. Officer Scott and four other officers applied [*id.* ¶ 28]. According to the complaint, Agent Lerch, the incoming task force coordinator in charge of ATF's South Bend office and responsible for

hiring the position, informed Officer Scott that he was intimidated by his experience and that he did not feel comfortable supervising someone of his age (48) [*id.* ¶¶ 29-30]. The position went to the youngest applicant [*id.* ¶ 30].

## STANDARD

Agent Lerch wants the § 1983, Title VII, and ADEA claims dismissed. He requests summary judgment in the alternative, but the court stays within Rule 12. Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Serves. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). This "context-specific task [] requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

This motion really concerns the ADEA claim. Officer Scott says that he intends no Title VII claim against Agent Lerch, so the court need not address it. It isn't in the complaint either. Officer Scott also cannot pursue a § 1983 claim against Agent Lerch in his individual capacity because he wasn't a state actor. Officer Scott concedes that point.

Officer Scott pivots to request leave to assert a *Bivens* claim in lieu of § 1983, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), but no such cognizable claim exists for age discrimination, *see id.* at 395 (Fourth Amendment); *Carlson v. Green*, 446 U.S. 14, 23 (1980) (Eighth Amendment), *Davis v. Passman*, 442 U.S. 228, 244 (1979) (Fifth Amendment). He offers

no reason to create a new cause of action under *Bivens*. That is a disfavored judicial activity when the Legislature remains "in the better position to consider if the public interest would be served by imposing a new substantive legal liability," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and when new *Bivens*-like remedies have not been recognized in over forty years—and instead repeatedly rejected, *see Vance v. Rumsfeld*, 701 F.3d 193, 198 (7th Cir. 2012). Congress instead provided a private right of action for age discrimination under the ADEA, and that is where the court returns rather than grant leave to advance a futile theory. *See Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993).

The ADEA protects workers 40 years and older from age-based employment discrimination. *See* 29 U.S.C. § 623(a)(1); *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018). This circuit has been steadfast in saying "there is no individual liability under the ADEA." *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *accord Cianci v. Pettibone Corp.*, 152 F.3d 723, 729 (7th Cir. 1998) (declining invitation to revisit this law). Agent Lerch thus isn't a proper defendant under the ADEA. Officer Scott must assert his ADEA claim against the agency's head—Attorney General Merrick Garland, the head of the U.S. Department of Justice. *See Ellis v. United States Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986).

Officer Scott requests leave to amend to substitute parties. The court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* at 519-20 (quotation and citation omitted); *see also* Fed. R. Civ. P. 1 (rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In reply, the defense offers no reason why an amendment—effectively just substituting parties—would be futile or prejudicial. In opening, Agent Lerch had argued that Officer Scott had not exhausted his administrative remedies to pursue an ADEA claim. An applicant wishing to sue the federal government for violating the ADEA must either file a complaint with the Equal Employment Opportunity Commission (EEOC) to trigger its administrative procedures or provide notice to the EEOC and await thirty days before filing suit. *See* 29 U.S.C. § 633a(d); 29 C.F.R. §§ 1614.106 (individual complaint procedure), 1614.201(a) (alternative to filing a complaint); *see, e.g., Stevens v. Dept. of Treasury*, 500 U.S. 1, 4 (1991); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013). Officer Scott elected not to pursue the administrative complaint process. For option two, Agent Lerch argues that Officer Scott cannot proceed because he disallowed the EEOC its required thirty days of notice.

Agent Lerch attached an affidavit from the Chief of ATF's Office for Equal Employment Opportunity (OEEO) to support this prematurity argument. In fairness, this affidavit isn't all that definitive, saying only that "OEEO has not received any information confirming that Sheldon Scott provided the required notice[.]" In response, Officer Scott attached an affidavit from counsel attesting that the requisite notice was timely sent on February 22, 2021—more than thirty days before this action was commenced on March 30, 2021—and providing a copy of the notice.

With the motion to dismiss under Rule 12 already decided based on the pleading alone, the court considers these affidavits under Rule 15 to decide whether a substitution of parties would be futile and whether Officer Scott has a good faith basis to allege proper notice—something he no doubt will allege in his amended complaint to ensure that the facts would be taken as true should any future motion to dismiss be contemplated. On this record, an amendment would not be futile. The court is not resolving any fact issues to be sure and leaves it to further discovery; but at the pleading stage it cannot be said that an ADEA claim would be futile.

The defense advances procedural challenges to the amendment, but these rule-based challenges overlook the obligation under the law to afford plaintiffs to the right to amend unless futile or otherwise unwarranted. *See Runnion*, 786 F.3d at 519-20. In short, under the circumstances here, the court in dismissing the ADEA claim against Agent Lerch should permit a restated ADEA claim against Attorney General Garland because, at the pleading stage, it would not be futile. The court understands what the amendment will say. *See Doe v. Howe Mil. Sch.*, 227 F.3d 981, 989 (7th Cir. 2000) ("District courts do not have to engage in guessing games about proposed amendments[.]").

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss all claims against Agent Lerch, thereby terminating him as a party to this case, but GRANTS Officer Scott leave to file an amended complaint by November 12, 2021 that asserts his ADEA claim against Attorney General Garland in lieu and addressing notice to the EEOC under the ADEA. The court approves no other amendments. If limited to these amendments, Officer Scott may file his amended complaint without further motion. If he wishes to include other amendments, he must then file a motion under Rule 15 in compliance with the court's local rules.

SO ORDERED.

October 29, 2021                                                  *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court