# EXHIBIT 11

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| SHELDON SCOTT and JAMES TAYLOR,     ) | |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | Civil Action No. 3:21-cv-00223-DRL-MGG |
| ) | |
| CITY OF SOUTH BEND, SCOTT A.     ) | |
| RUSZKOWSKI, Individually and in his     ) | |
| Official Capacity as Chief of Police,     ) | |
| TIMOTHY LANCASTER,     ) | |
| JASON BIGGS, KAYLA MILLER, and     ) | |
| MERRICK GARLAND     ) | |
| in his official capacity     ) | |
| as the U.S. Attorney General     ) | |
| ) | |
| Defendants.     ) | |

**<u>AFFIDAVIT OF SCOTT RUSZKOWSKI</u>**

I, the undersigned, Scott Ruszkowski, being first duly sworn upon my oath, state as follows:

1.      I am over 18 years of age and am competent to make this affidavit.  I have personal knowledge of the matters stated herein.

2.      I have been the Chief of the South Bend Police Department since October 1, 2015.

3.      During my tenure as Chief, James Taylor was a Detective in the Detective Bureau of the South Bend Police Department until he resigned effective August 2, 2021.

4.      On July 8, 2020, Taylor disregarded a directive from his direct supervisor, Kayla Miller (who was at that time, the rank of Sergeant).  The directive pertained to an investigation that had been assigned to Detective Martinsky.

1

5.     As a result of the insubordination, Miller completed an Administrative Advisory Form, which was provided to Internal Affairs. A copy of the Administrative Advisory is attached as Attachment 1.  Other than the redactions and information that has been added to the footer, this is a true and accurate copy of the Administrative Advisory form concerning Taylor's July 8, 2020 insubordination.

6.     The investigation of Taylor's conduct confirmed that Taylor disregarded Miller's directive, and that Taylor also failed to submit a required report documenting his actions in the investigation.  A copy of the investigation report is also included at Attachment 1.  Other than the redactions and information that has been added to the footer of the pages, this is a true and accurate copy of the investigation report I reviewed following the investigation of Taylor's conduct.

7.     Taylor was already on a performance improvement plan ("PIP") when he disregarded Miller's directive on July 8, 2020.  The PIP was issued on May 6, 2020, after Taylor had exhibited a pattern of performance and conduct issues that had continued despite previous coaching and disciplines issued to Taylor.

8.     During the period of Taylor's PIP, I had continuous concerns about Taylor's behavior, performance, and reported memory loss.

9.     Upon receiving the Administrative Advisory and the Internal Affairs report concerning Taylor's July 8, 2020 insubordination (*see* Attachment 1), I contacted Human Resources for guidance.

10.     Human Resources recommended that Taylor be placed on light duty status until a fit for duty evaluation is completed.

2

11.    I agreed with Human Resources' recommendation and wrote on the Administrative Advisory form that Taylor had only completed three of the eight PIP requirements and that Taylor will be sent for a fit for duty evaluation.  *See* Attachment 1.

12.    As part of my duties as Chief, I have knowledge of the performance of officers, as well as disciplinary actions issued to officers.  I also have access to personnel records and internal affairs records of officers that are maintained by the South Bend Police Department and kept in the ordinary course of business.

13.    During my tenure as Chief, other officers, like Taylor, have received discipline for policy violations.  For example, Officer Lauren Slisher was placed on a performance improvement plan after she committed a March 13, 2022 pursuit policy violation and a subsequent March 29, 2022 pursuit policy violation where she operated her department vehicle outside of approved standards. Documents pertaining to these violations are attached as Attachment 2.  Other than the information that has been added to the footer of the pages, the documents in Attachment 2 are true and accurate copies of the Internal Affairs records maintained by the South Bend Police Department.

14.    On May 24, 2022, Officer Lauren Slisher was the subject of an administrative investigation after her third violation of the Department's pursuit policies. Specifically, during a May 22, 2022 pursuit, Officer Slisher disregarded traffic control devices, did not activate her lights and sirens appropriate, and drove her vehicle in an unsafe manner. As a result of that investigation and due to her third violation of Department pursuit policies, Officer Slisher was given a letter of reprimand, a six-day suspension without pay, mandatory training, and six more months where she was ineligible for promotion. Documents pertaining to Officer Slisher's additional violation and resulting discipline are attached as Attachment 3. Other than the information that has been added

3

to the footer of the pages, the documents in Attachment 3 are true and accurate copies of the personnel records maintained by the South Bend Police Department.

15.    As a part of my duties as Chief, I have knowledge of personnel changes.

16.    Sheldon Scott retired from his employment with the South Bend Police Department on April 25, 2023.

I declare, under penalty for perjury, that the foregoing is true and correct.

Executed on this _31st_ day of May, 2023.

*Scott Ruszkowski*
Scott Ruszkowski

4

# ATTACHMENT 1

| Employee Name | | | | Date Occurred | Time Occurred | Case Number |
|---|---|---|---|---|---|---|
| Detective James Taylor, PN 2048 | | | | 07/08/2020 | 1330hrs | |

## NATURE OF ADVISORY (Circle Each that Apply)

| AWOL | Excessive Lateness | Failure to Complete Report | Failure to Respond to Subpoena | (Insubordination) | Violation of Department Policy |
|---|---|---|---|---|---|

Other: _____

**Incident Details:**

On July 8th, 2020 at approximately 1:15pm during roll call for the Crimes Against People division of the Investigative Bureau, Detective Martinsky provided an update to a missing persons case and advised that he was having difficulty getting an answer from Memorial Hospital (and Memorial PD) on the location of the missing person. Detective Taylor spoke up and stated that he could call someone and get answers for Detective Martinsky, at which time I advised Detective Taylor NOT to make any phone calls. I then added that I would assist Detective Martinsky with the issues with Memorial. Detective Taylor again stated that he could make a quick phone call to someone and take care of it and I again advised Detective Taylor NOT to make any calls and that I would be handling the matter.

A short time later (about 1:30pm) Detective Taylor knocked on my office door and advised me that I "didn't need to make that call" and that the missing person was taken care of. I asked Detective Taylor if had contacted Memorial PD and he advised that he had indeed called ▮▮▮▮▮▮▮▮▮▮ I reminded Detective Taylor that I had specifically told him NOT to make any calls and that I would be handling the ongoing issue and Detective Taylor stated, "I know, but I thought I could just do it and try to help."

Detective Taylor was given a direct order by his Supervisor to refrain from contacting Memorial PD for Detective Martinsky's case. Detective Taylor left the roll call, where he was given this order, and within minutes he blatantly disobeyed the order and made the phone call.

COPY

| Signature | | Date: |
|---|---|---|
| *Sgt. Kayla Miller PN 2204* | | 7/14/2020 |
| Employee Completing this Form | | PN |
| Sergeant Kayla Miller | | 2204 |

## OFFICE OF PROFESSIONAL STANDARDS USE ONLY

| Date IA Received Advisory: | Date Investigation Closed: | Date Investigation Submitted to Chief of Police for Review |
|---|---|---|

NOTES # Via FTR: being sent for 770 & this (& all previous) paperwork sent to PSM.
#NOTE: he has only successfully completed only 3 of 8 P.I.P. items as well.

| Name of Assigned OPS Officer: | | PN |
|---|---|---|

## CHIEF OF POLICE USE ONLY

| Signature of Chief of Police: | Date Reviewed: | Closure: |
|---|---|---|
| *See P~L* | 4·10·20 | SUSTAINED |

Remarks / Type of Progressive Discipline (if any): + See Capt. Biggs enclosed [blue] folder.
written reprimand (internal) added to SA Pro. Being sent for 770 via FTR.

**DISTRIBUTION: File directly to Office of Professional Standards within 24-hours of completion.**

Rev 10-14-08

# SOUTH BEND POLICE DEPARTMENT



## ADMINISTRATIVE INVESTIGATION – AI 2020-0009

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    South Bend 02402

## SUMMARY

On July 8, 2020, Sgt. Kayla Miller conducted a roll call with detectives assigned to the Crimes Against People Division of the Investigative Bureau. Various topics were being covered, including updates on case assignments. During this time, Det. Bruno Martinsky provided an update to a missing persons case (20-8502) he was investigating. Det. Martinsky explained he was having difficulty in getting answers from Memorial Hospital (and Memorial PD) when inquiring if the missing person was admitted into one of the hospital's facilities. Det. Taylor offered his assistance in contacting someone at Memorial Hospital for Det. Martinsky; however, Sgt. Miller directed Det. Taylor to not contact anyone as she would assist Det. Martinsky. It was explained that Det. Taylor offered his assistance once again but was directed again by Sgt. Miller to not make any calls as she would assist Det. Martinsky. Around 15 to 30 minutes following roll call, Det. Taylor informed Sgt. Miller that she "didn't need to make that call" and that the missing person was taken care of. Det. Taylor went on to explain he contacted ███████ ███████ because he knew Sgt. Miller was busy and he "thought (he) could just do it and try to help".

Sgt. Miller's directive was clear that she would assist Det. Martinsky. This directive was overheard by Det. Martinsky, and Det. Taylor, both whom acknowledged hearing the directive in their Officer's Reports. Additionally, Det. Kronewitter and Det. Martinsky witnessed Det. Taylor call ███████ after roll call. Let it be noted other detectives present during roll call did not recall the conversation or directive. Det. Comeau was interviewed via phone due to him being on vacation.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## VIOLATIONS

On July 14, 2020, Sgt. Kayla Miller completed an Administrative Advisory Form for Insubordination on Det. James Taylor.  Sgt. Miller's Administrative Advisory outlines that she gave a directive to Det. Taylor during their roll call on July 8, 2020, and he disregarded her directive within 30 minutes following the directive.

An Administrative Investigation (AI 2020-0009) was initiated for the alleged violations(s) of Department Policy(s): ***320 Standards of Conduct, 320.3 Directives and Orders***. This policy is defined as, *Members shall comply with lawful directives and orders from any department supervisor or person in a position of authority, absent a reasonable and bona fide justification.*

The Administrative Advisory was determined to be investigated at shift level.

## MNBC FOUND

Over the course of the investigation, MNBC was found when Det. Taylor involved himself in Det. Martinsky's investigation by contacting ██████████ to inquire if a person that was reported missing had been admitted into one of the Memorial Hospital facilities.  Det. Taylor failed to complete an additional report documenting his actions. Alleged violation of Department Policy(s): ***323 Report Preparation, 323.2 Policy.*** The policy is defined as, *It is the policy of the South Bend Police Department that members shall act with promptness and efficiency in the preparation and processing of all reports.  Reports shall document witnesses, evidence, sufficient information to refresh the member's memory and shall provide enough detail for follow-up investigation and successful prosecution.*

## FINDINGS

In review of the first alleged policy violation – Standards of Conduct specifically the *"Members shall comply with lawful directives and orders from any department supervisor or person in a position of authority, absent a reasonable and bona fide justification"*.  It was found that Det. Taylor was in violation of Department Policy: 320 Standards of Conduct, and 320.3 Directives and Orders.

Sgt. Miller issued the directive to Det. Taylor for a reasonable and bona fide justification. She explained in her Officer's Report she has established a professional relationship with ███████ ████████ by working with him for several years in her duties with the South Bend Police Department and Michiana Crime Stoppers.  Since Det. Martinsky is assigned a large majority of Missing Person cases, and she is his direct supervisor, Sgt. Miller wanted to be able to make the introduction between ███████████ and Det. Martinsky, thus the reasoning behind the directive.

While these reasonings were not provided to Det. Taylor, he still acknowledged hearing the directive from Sgt. Miller during roll call.  Det. Taylor writes in his Officer's Report *"Moments later Sgt. Miller told us that she, "I will take care of it" and told me not to"*.  Det. Taylor continues to explain in his Officer's Report after returning to his desk following roll call, Det. Martinsky *"asked me for help"*.  He claims he asked Det. Martinsky if *"Sgt. Miller had not been able to locate him, at which time he told me that she hasn't even gotten the info to call yet and that he really wanted to find this guy"*.  Det. Taylor describes that he *"took it upon myself to make the phone call to Memorial Hospital and with in minutes I was able to located the missing subject for Det. Martinsky and the family"*.  Det. Taylor proceeded to notify Sgt. Miller that he in fact called ████████████ and she no longer needed to *"worry about it"*.  He stated he

disregarded her directive because "*I was trying to help out, and figured since she was to busy to help*". Let it be noted, I was present for this conversation and can confirm the exchange between Sgt. Miller and Det. Taylor.

However, Det. Martinsky, and Det. Kronewitter recall a different scenario following roll call. Det. Martinsky stated he asked Det. Taylor about his contact at Memorial Hospital, and who it was. He states in his Officer's Report Det. Taylor advised him "*it was the* ████████████ ████████████ *and advised me to call him* ████". Det. Taylor followed his response by calling ████████████ and requesting information relevant to Det. Martinsky's investigation. Det. Kronewitter, stated he recalled a conversation following roll call between Det. Martinsky and Det. Taylor. Det. Martinsky had asked Det. Taylor who his contact was at Memorial. When Det. Taylor could not recall the name of the ████████████████████ he asked Det. Kronewitter the name. Det. Kronewitter stated "*Det. Taylor was somewhat upset, in a joking way, that he did not remember* ████████ *name*". He continued to state, "*almost immediately after telling Det. Taylor, I observed him get on his phone and call someone. I am not positive on who it was that Det. Taylor called but it sounded to me like he was talking to* ████████ ████████.

Det. Kronewitter continued in his statement to describe a conversation he held with Det. Taylor a few days after this incident. He stated, Det. Taylor asked him if he recalled Sgt. Miller directing everyone that she would contact Memorial Hospital. While Det. Kronewitter did not recall the directive, he continued on with the conversation as Det. Taylor described to him calling ████████████ Det. Kronewitter wrote in his Officer's Report, Det. Taylor provided the reasoning being because "*he knew Sgt. Miller was extremely busy and wanted to help her out by doing this*". Det. Kronewitter advised Det. Taylor that he should have allowed Sgt. Miller to

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

take care of the matter as she said she would. Det. Kronewitter quoted Det. Taylor's response as being "*Yeah, I know. I should have let her take care of it but I was only trying to help*".

In review of the second alleged policy violation discovered during this investigation – Report Preparation specifically, *It is the policy of the South Bend Police Department that members shall act with promptness and efficiency in the preparation and processing of all reports. Reports shall document witnesses, evidence, sufficient information to refresh the member's memory and shall provide enough detail for follow-up investigation and successful prosecution.* It was found that Det. Taylor was in violation of Department Policy(s): 323 Report Preparation, 323.2 Policy.

As discovered in Officer's Reports written by Det. Taylor, Det. Martinsky, and Det. Kronewitter, Det. Taylor directly involved himself in Det. Martinsky's investigation. He contacted ██████████████████ to ask if the victim in case 20-8502 was a patient in the hospital. Upon receiving information from ████████████ Det. Martinsky was able to close his case and notify the victim's family the location of their family member. Det. Taylor failed to complete a supplemental report for his assistance in the investigation.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## INVESTIGATOR NOTES

There have been continuous performance violations that have been documented since 2017, including multiple Administrative Investigations. Det. Taylor has been provided guidance, reminders, and corrective actions to correct his performance; however, he continues to violate department policy. He has been working under a Performance Improvement Plan for these violations since May 2020. As Det. Taylor progresses in the improvement plan, there have been setbacks in report writing, leaving the detective bureau for extended periods of time, working out on duty at an offsite location, the lack of quality with his investigations, and engaging in a vehicle pursuit with a motorcycle.

Additional provisions have been put in place for Det. Taylor to meet with Sgt. Miller daily 1630 hours to review his progress for the day, and every Thursday to review his progress for the week. When Det. Taylor leaves the building, he is to text Sgt. Miller where and the reasons why he needs to leave South Bend Police Department. Additionally, he is not allowed to work out while on duty at any location other than the South Bend Police Department. Further steps of utilizing Virtual Academy for courses on report writing will be suggested to Det. Taylor in order to provide continuous training and guidance to him.

Det. Taylor has been emotional at times throughout his tour of duty by either crying or displaying anger – yelling at Sgt. Miller or myself. He has been offered New Avenues on multiple occasions and as recently as of July 22, 2020, when he once again became emotional and stated he could not sleep and just wanted to help people. Det. Taylor requested to take personal time on this date because he was too emotional to finish his tour.

**ATTACHMENT 2**

CORRECTIVE ACTION PLAN - SBPD

Employee Name: Lauren Silsher                    Title: Patrolman

Supervisor Name: Capt. Leszczynski               Dept. South Bend Police Dept

| Current plan of action: | Previous Corrective Action:          Date(s) |
|---|---|
| ☑ Performance Improvement Plan | ☐ Coaching _____ |
| ☐ Verbal Warning | ☐ Performance Improvement Plan _____ |
| ☑ Internal Written Warning (Shift Level) | ☐ Verbal Warning _____ |
| ☑ Other | ☐ Internal Written Warning _____ |
| **Discussion with Sgt. Ieraci and Capt. Leszczynski about the pursuit.** | ☐ Other _____ |

**Deficiency Description (including dates and other relevant facts):**

On March 31st I was reviewing a vehicle pursuit from March 30th which involved 2nd detail. Being the Captain, I try to review every pursuit. Officer Silsher was involved in this vehicle pursuit along with Officer Sadilek. Violations of our pursuit policy were observed during this pursuit by Officer Silsher. At the beginning of the pursuit, Officer Silsher did have her overhead lights operating but not her siren for the first 2 blocks. Top speed in the pursuit reached 90 MPH along city streets where there were pedestrian traffic as well as busy vehicle traffic. The pursuit brought into play 3 stop signs which regulated traffic for Officer Silsher. The 1st stop sign was a 4 way stop for all sides which Officer Silsher went thru at 65mph with no attempt to slow down. The 2nd Stop sign was a 2 way stop with cross traffic not having to stop. Officer Silsher went thru this stop sign at 56mph with no attempt to stop. The 3rd stop sign was again 2 way stop with cross traffic not having to stop. Officer Silsher went thru this stop sign at 77mph with no attempt to stop. Policy violations :

Policy 306.4 Pursuit operations: (a) Units chasing the suspect vehicle will activate both the emergency lights and siren for public safety. The siren will be kept on until either the pursuit ends or the officer disengages from actively chasing the suspect vehicle.

(d) When engaged in pursuit, officers have a legal responsibility to drive with Due Regard for the safety of all people.

**Description of plan to improve the employee's performance** (e.g., Training/Educational Workshop, Employee Assistance Program (EAP) Referral, Policy Review, Performance Improvement Plan (PIP), etc.):

Plan of Action:
    Attend the next Below 100 Class
    On March 31st Officer Silsher was given a copy of the South Bend Pursuit policy with Highlighted area's of concern, Specifically driving with Due Regard to review.
    Was coached by Sgt. Ieraci and myself on Driving with Due Regard and termination of pursuits relating to pursuit policy.

Signatures (employee signature is an acknowledgment of receipt, not an admission of fault)

Presented by: _Sgt. A Ieraci_                Date: _04-06-22_

Employee: _PPO L. Silsher_                   Date: _4 6 22_

Witness (if present): _Lt. ___ / 379_        Date: _4-6-22_

CITY OF SOUTH BEND | HUMAN CAPITAL AND INCLUSION

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## South Bend Police Department
## Pursuit Review

*VR2022-0021*

| Case # | 22-2875 |
|---|---|
| Officer: | Ptlm Slisher, Vance, Johnston and Sgt. S. Diggins |
| Supervisor: | Sgt. Diggins |
| Date of Incident | 3/13/2022 |
| Time of Incident | 1945hrs |
| Vehicle and Pedestrian Tra | |
| Speed | 50-78mph |
| Road Conditions | Dry |
| Weather | |
| Reason for Pursuit | MVT |

**1. Was the pursuit within policy?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| (YES) | NO | KJS | 2093 | 4-14-22 |
| (YES) | NO | Ault | 2178 | 4/14/22 |
| (YES) | NO | | 205 | 4 |
| YES | NO | | | |
| YES | NO | | | |

if not explain.

**2. Did the severity of the crime outweigh the danger to the community?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| YES | (NO) | KJS | 2093 | 4-14-22 |
| YES | (NO) | Ault | 2178 | 4/19/7 |
| YES | (NO) | | 205 | 4 |
| YES | NO | | | |
| YES | NO | | | |

if not explain.

**3. Did the officer operate with due regard for public safety?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| YES | (NO) | KJS | 2093 | 4-14-22 |
| YES | (NO) | Ault | 2178 | 4/14/22 |
| YES | (NO) | | 205 | 4 |
| YES | NO | | | |
| YES | NO | | | |

**Comments:**

78 MPH WITHOUT EVEN SLOWING DOWN GOING THROUGH THE INTERSECTION OF JOHNSON + HUMBOLT ST.  (STOP SIGN)

\* Corrective Action
IO2022-0004

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend Police Department
Post Pursuit Form

Report Number: 2200002875 000                              Page 1 of 1
================================================================================
Pursuit Date: 03/13/2022 19:45                    *Ofm. Slishr*

Reason For Initial Stop: Other Reason - See Narrative

Location Pursuit Initiated:  421 N OLIVE
Location Pursuit Ended:      1330 HUEY
Pursuit Distance:            1-2 MILES

Other Agencies Involved:
Total Agencies Involved:

Average Speed: 050       Maximum Speed: 078

Traffic Conditions: Light Traffic

Weather:           Clear

Road Conditions:   Dry

Light Conditions:  Daylight

Reason For Stop:   Other - See Narrative

                        Suspect Information:

Suspect Name:  -

                    Suspect Vehicle Information:
Vehicle:  - Stolen, Recovered
Owner:
                        Charge Information:
Charge 1:
Charge 2:
Charge 3:



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                          South Bend 03902

## South Bend Police Department
## Pursuit Review

*VP2022-0029*

| | |
|---|---|
| **Case #** | **22-3639** |
| **Officer:** | Ptlm. Slisher, Pfc. Conklin and Sadilek |
| **Supervisor:** | Sgt. Ieraci |
| **Date of Incident** | 3/29/2022 |
| **Time of Incident** | 1849hrs |
| **Vehicle and Pedestrian Tr** | |
| **Speed** | 87 mph |
| **Road Conditions** | Dry |
| **Weather** | |
| **Reason for Pursuit** | Stolen License Plate |

**1. Was the pursuit within policy?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| YES | NO | KJS | 2093 | 4-14-22 |
| YES | NO | | 2176 | 4/14/2 |
| YES | NO | | 205 | |
| YES | NO | | | |
| YES | NO | | | |

If not explain.

**2. Did the severity of the crime outweigh the danger to the community?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| YES | NO | KJS | 2093 | 4-14-22 |
| YES | NO | | 2178 | 4/14/ |
| YES | NO | | 205 | |
| YES | NO | | | |
| YES | NO | | | |

If not explain.

**3. Did the officer operate with due regard for public safety?**

| | | Initial | PN | Date |
|---|---|---|---|---|
| YES | NO | KJS | 2093 | 4-14-22 |
| YES | NO | | 2178 | 4/14/2 |
| YES | NO | | 205 | |
| YES | NO | | | |
| YES | NO | | | |

**Comments:**

HIGH RATE OF SPEED (91MPH) GOING THROUGH 3 INTERSECTIONS (NOT A 4-WAY) WITHOUT SLOWING DOWN.

DID NOT ACTIVATE SIREN FOR 1st 3 BLOCKS

\* Corrective Action
IO2022-0004

South Bend Police Department
Post Pursuit Form

Report Number: 2200003639 000                                              Page 1 of 1

========================================================================

Pursuit Date: 03/29/2022 18:49                          *Mm. Slishor*

**Reason For Initial Stop:** Other Reason - See Narrative

**Location Pursuit Initiated:** 1233 N EDDY ST
**Location Pursuit Ended:**    1213 LEEPER AVE
**Pursuit Distance:**          1-2 MILES

**Other Agencies Involved:**
**Total Agencies Involved:** 01

**Average Speed:** 050      **Maximum Speed:** 087

**Traffic Conditions:** Moderate Traffic, Light Traffic

**Weather:**            Clear

**Road Conditions:**    Dry

**Light Conditions:**   Daylight

**Reason For Stop:**    Other - See Narrative

                        Suspect Information:
**Suspect Name:** CLARK,DAAIYON M - Arrestee, Suspect

                    Suspect Vehicle Information:
**Vehicle:** 2017 JEEP GRAND CHEROKEE - Stolen, Recovered
**Owner:**   THOMAS-WILLIAMS,ANGELA
                        Charge Information:

**Charge 1:** 1330
**Charge 2:** 1330
**Charge 3:** 0907

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

# ATTACHMENT 3



701 W. Sample Street
South Bend, Indiana 46601-2890

Phone 574/235-9311
Fax 574/288-0268

City of South Bend    James Mueller, Mayor

# South Bend Police Department

Scott A. Ruszkowski, Chief of Police

Date 06.13.2022

Officer Lauren Slisher #2317
701 West Sample Street
South Bend, IN  46601

Dear Officer Slisher,

Attached to this letter, please find the Chief's proposed recommended disciplinary action to be levied against you.

If you would like to request a public hearing on this matter, you may submit a written request to the Board of Public Safety.  Per I.C. § 36-8-3-4(c), such a request must be submitted to the Board of Public Safety within five (5) days after receiving notice of this action.

Sincerely,

Scott A. Ruszkowski
Chief of Police

Enclosures: (3 pages total)

# Service    Bravery    Pride    Dedication

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend 03878



Honorable Board of Public Safety,

In accordance with I.C. § 36-8-3-4(c), and using the Disciplinary Matrix Guide and final facts, I have determined this Letter of Reprimand (LOR), mandatory "Below 100" training, six (6) days suspension without pay, and six (6) [additional] months as a 2nd Class Patrol Officer is appropriate discipline for Officer Slisher's continual violation of rules.

Officer Slisher violated the following sections of the Duty Manual/Policy which are in direct conflict with our Oath of Office and Professional Standards.

1. **306.2 Policy. 306.4 (d) PURSUIT OPERATIONS**

   *"**306.2**: Officers will conduct vehicle pursuits in accordance with training, policy, and law. Regardless of the reason for the vehicle pursuit, officers will place a priority on public safety and terminate the vehicle pursuit when the danger to the public and/or the officer(s) outweigh the reason for the stop. Every pursuit reviewed is based on each individual incident which includes known circumstances, variables, and merits."*
   *"**306.4(d)**: When engaged in pursuit, officers have a legal responsibility to drive with due regard (I.C. 9-21-1-8) for the safety of all people. Units will follow behind all vehicles at a safe distance to prevent accidental rear-end collisions."*

During a short pursuit on May 22nd, 2022, at approximately 0100 hours, Officer Slisher violated these policies by not placing priority or due regard on/for the safety of the public or her own.

2. *Policy 306.3 (c2, c3 and c4) INITIATION OF PURSUIT*

   *"c. In deciding whether to pursue, the officer will take into consideration;*

   1. *Road, weather, and environmental conditions.*
   2. *Population density and vehicular and pedestrian traffic.*
   3. *The relative performance capabilities of the pursuit vehicle and the vehicle being pursued, as well as the experience of the officer(s) involved as known by supervisor(s).*
   4. *The seriousness of the offense."*

During this pursuit, Officer Slisher passed a civilian vehicle improperly and at excessive speed. As well, Officer Slisher violated sections 2, 3, and 4, as she was pursuing a motorcycle with its performance capabilities far exceeding the police vehicles'. The motorcyclist did commit a traffic offense as observed by Officer Slisher, however, the offense itself, and the need for immediate apprehension did not warrant the excessive speeds or improper passing, as well as Officer Slisher's lack of experience which exacerbated the driving behavior. Officer Slisher also disregarded a traffic control device just prior to initiating lights/siren. Also, Officer Slisher was unfamiliar with her location, as this area (especially at the time it occurred) is often higher pedestrian traffic with previous civilian vehicle/pedestrian collisions.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Officer Slisher has received several separate prior counseling's (*with her Shift supervisors, Captain, D/Chief Crittendon and me*), verbal reprimands, corrective actions, and a Performance Improvement Plan (PIP) for these same or similar [and other] violations since being hired in June of 2021.  Thus, the recommended discipline, plus additional internal performance measures regarding vehicle operations, is the appropriate next step in progressive discipline.

Officer Slisher has been notified that should future same or similar sustained violations occur; termination of employment would be recommended by me to the Board of Public Safety.

On __June 28, 2022__, Officer Slisher received notice of this discipline.

Per I.C. § 36-8-3-4(c), Officer Slisher has five (5) days from the date of notice, or until __July 5, 2022__, to submit a written request to you, the Board, should she desire a public hearing on this matter.

Sincerely,

Scott Ruszkowski
Chief of Police

cc:   City of South Bend Legal Dept.

Officer Slisher _____ (receipt of notice initials)



# SOUTH BEND POLICE SUPERVISOR'S COMPLAINT FORM

AE2022-0001

Form type:  Community Complaint ☐   Administrative Advisory ☑   Case number 22-6088

| Employee name | Slisher, Lauren #2317 | Date occurred | 5/22/22 | Time occurred | 0130 |

Citizen's name _____   Address _____

Phone _____

Witness name _____   Address _____

Phone _____

Witness name _____   Address _____

Phone _____

Complaint type: *(Check all that apply)*
Cursing/verbal abuse ☐   Disrespect ☐   Driving ☑   Excessive force ☐   False arrest ☐

Failure to render service ☐   Search/seizure violation ☐   Other _____

PLEASE SEE ATTACHED OFFICERS REPORT.

Supervisor  Sgt. Paul Daley  *[signature]*  PN 2042     *042022*
                                                         *6/3/22*

Date received  6/3/22   Time received  0400

**ATTN SUPERVISORS: Submit this form and all supplemental material directly to the
Office of Professional Standards within 24 hours**

Updated 06-2021

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**ASSIGNED INVESTIGATOR'S USE ONLY**

**Dates:**

| Assigned | | Citizen contacted | | Witness contacted | |
|---|---|---|---|---|---|
| Closed | | Employee contacted | | Witness contacted | |

Evidence:

Investigative Summary: (Attach full investigative report to this form)

| Assigned Investigator | | PN | |
|---|---|---|---|

**OFFICE OF PROFESSIONAL STANDARDS USE ONLY**

**Dates:**

| Received complaint | | Investigation closed | | Submitted to Chief for review | |
|---|---|---|---|---|---|
| Employee provided notice | | Employee provided disposition | | Citizen mailed disposition letter | |

Notes:

| Assigned OPS Officer | | PN | |
|---|---|---|---|

**CHIEF OF POLICE USE ONLY**

Remarks/Progressive Discipline (if any): ─ SUSTAINED ─ LOR, 6mos. as 2nd class (extended probation) ROS 6 days plus other measures (see letter to BPS).

| Chief Signature | _S. R. C._ | Date reviewed | 6·13·2022 | Date closed | 6·13·2022 |
|---|---|---|---|---|---|

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend 03884

**OFFICER'S REPORT**

Pg 01 of 01

06-03-2022
**(Date)**

Sgt. P. Daley #2042
**(Name/Rank / PN# )**

**Attention:** Captain D. Herron #2037

Captain J. Leszczynski #409

Initials/Date _____ Note _____

Initials/Date _____ Note _____

Initials/Date _____ Note _____

Initials/Date _____ Note _____

Initials/Date _____ Note _____

Initials/Date _____ Note _____

**Reference:** Additional information requested per Captain Herron on 06-02-22

On 05-22-22, at 0034hrs, Ptl. Slisher called out on Ch 1 she was in pursuit of a motorcycle northbound on Ironwood. I asked over Ch 1 if she was pursuing a motorcycle and then Ptl. Slisher stated she was ending the pursuit. I CAD messaged her and told her a C2 report needed to be done for the pursuit. Knowing she was going off duty at 0200, I went to School Field to park and review her report and the pursuit footage. After review I noted several things in violation of policy #306.

1) Passing a car on the right at 69 mph after passing through the intersection of Edison St. and Ironwood Rd. (306.4(d))-(306.2)

2) Not allowing a car to pull over safely, and entering the single turn lane to pass the car on the left at 82 mph at Peachtree St. and Ironwood Rd. (306.4(d))-(306.2)

3) Running red light at Corby St. and Ironwood Rd. at 42 mph, then initiating lights and siren after passing through the intersection. (306.4(a))

4) Lights and Siren were not on for full pursuit. (306.4(a))-(306.2)

5) Disregarded traffic control device and did not slow down. -EVO Training

6) We do NOT chase motorcycles. -General Order / EVO Training (306.2)

I called Ptl. Slisher over to the location I was at for a counseling as she was a new officer, and I was unsure if she knew we did reports for pursuits we terminate and that we do NOT chase motorcycles. I spoke to her about her speeds and blind intersections at night and her passing cars at high speeds and going through intersections at high speeds. I informed her I was not writing her up at this time, but a review with my supervisor, and a review by the pursuit board could bring about an advisory for policy violation. I told her that if I was asked, I would say that this was reckless, and the speeds and risk were high for a motorcycle infraction.

I then spoke to her in a rehabilitative manner to make this supervisor/employee discussion a learning and positive encounter, by speaking of different tactics and strategies for identifying vehicles and license plates pre-pursuit, in case they get away, and of driving at night with flashing lights at high speeds and how if not used to this, can lead to disaster with many cars being seen at the last minute. Overall, it was a positive learning encounter.

Sgt. P. Daley #2042

**Date:** 06-03-22

**Time:** 0400

_Sgt. P. Daly #2042_

**Submitting Officer's Signature/PN #**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend 03885

**Administrative Investigation**
**Involved Officer:** Ptlm. Lauren Slisher PN: 2317
**AI Case Number:** AI2022-0001

## ADMISTRATIVE INVESTIGATION
## POST SUMMARY
## AI2022-0001

Advisory completed by: Sgt. Paul Daley PN: 2042

Date of Incident: May 22, 2022

Location of Incident: 1500 N. Ironwood Ave

Officer Named in Complaint: Ptlm. Lauren Slisher PN: 2317

**Summary of Complaint**

As directed in the General Order titled Office of Professional Standards the Chief of Police will determine the official conclusion of fact. Ptlm. Lauren Slisher PN: 2317 is alleged to have committed the following violation (s) Department Policy(s): 306 Vehicle Pursuits, 306.4 Pursuit Operation (d), 320 Standards of Conduct, 320.5.7 Efficiency (b), 320.5.8 Performance (j), and 320.5.10 Safety (f).

*306 Vehicle Pursuits*
*306.4 Pursuit Operations*
  *(d) When engaged in pursuit, officers have a legal responsibility to drive with due regard (I.C. 9-21-1-8) for the safety of all people. Units will follow behind all vehicles at a safe distance to prevent accidental rear-end collisions.*

*320 Standards of Conduct*
*320.5.7 Efficiency*
  *(b) Unsatisfactory work performance including, but not limited to, failure, incompetence, inefficiency or delay in  performing and/or carrying out proper orders, work assignments or the instructions of supervisors without a reasonable and bona fide excuse.*
*320.5.8 Performance*
  *(j) Shall operate departmental vehicles in a careful and prudent manner and shall obey state laws or departmental orders pertaining to such operation.*
*320.5.10 Safety*
  *(f) Unsafe or improper driving habits or actions in the course of employment or appointment, and at any time while using a city vehicle.*

*CONFIDENTIALITY NOTICE: The information contained in this report is confidential and is intended for the sole use of the persons or entities as authorized by the Chief of Police.*

Report prepared by: Capt. David Herron PN: 2037
Report Prepared on June 5, 2022
Page **1** of 2

**Administrative Investigation**
**Involved Officer:** Ptlm. Lauren Slisher PN: 2317
**AI Case Number:** AI2022-0001

**Evidence:**

1. Yellow envelope containing a USB Drive containing video footage Ptlm. Slisher's vehicle pursuit.
2. Sgt. Paul Daley's Administrative Advisory (AI2022-0001) against Ptlm. Lauren Slisher PN: 2317.
3. Ptlm. Lauren Slisher's SBPD Report 22-6088.
4. Pursuit Committee Review (VP2022-0030) of SBPD 22-6088.
5. Ptlm. Lauren Slisher's Discipline History.
6. Pursuit Committee Review of Ptlm. Slisher's involvement in Vehicle Pursuit (VP2022-0021) on March 13, 2022 (SBPD-22-2875).
7. Pursuit Committee Review of Ptlm. Slisher's involvement in Vehicle Pursuit (VP2022-0029) on March 29, 2022 (SBPD 22-3639).
8. Ptlm. Lauren Slisher's IA Notifications.
9. SBPD Policy: 306 Vehicle Pursuits.
10. SBPD Policy: Standards of Conduct.

*Nothing Further To Report*

Capt. David Herron PN: 2037

*CONFIDENTIALITY NOTICE: The information contained in this report is confidential and is intended for the sole use of the persons or entities as authorized by the Chief of Police.*

Report prepared by: Capt. David Herron PN: 2037
Report Prepared on June 5, 2022
Page **2** of **2**

South Bend 03887



# SOUTH BEND POLICE DEPARTMENT - CASE REPORT

| Page 2 of 2 | ☒ INCIDENT VIDEO TAPED | MVR TAPE NO | Case No | 22 | 6088 |
|---|---|---|---|---|---|

## WEATHER/ M.O.

| Lighting | Weather | Dispatch Location |
|---|---|---|
| | | N IRONWOOD DR / EDISON RD  SOUTH BEND,IN |
| Point of Entry | Point of Exit | Means of Entry |
| Tools used | Entry Direction | Exit Direction |

## NARRATIVE

***BWC USED***

On 5/22/2022 I, Officer Slisher was assigned beat 312 and was patrolling the area of Ironwood and Mckinley Hwy in my South Bend Police marked vehicle, when I observed a sports motorcycle traveling at a high rate of speed north on Ironwood. I made close contact and was behind the motorcycle at the red light located at Ironwood and Corby Blvd, and observed the motorcycle disregard the displayed red light and continued to drive through it.   I followed the vehicle and initiated a traffic stop with my red / blue LED lights and siren turned on near the area of Ironwood and Corby Blvd. When I initiated the traffic stop, the motorcycle failed to stop and took off north on Ironwood. I continued to purse the motorcycle and then shortly terminated the pursuit due to the drivers reckless driving and high rate of speed.

Nothing further to report.

Unknown motorcycle plate number, motorcycle description and driver description.

---

"I AFFIRM, UNDER THE PAINS AND PENALTIES OF PERJURY, THAT THE AFOREMENTIONED FACTS ARE TRUE AND CORRECT AS PRESENTED TO  AND /OR OBSERVED BY ME."

| Electronic Signature of Reporting Officer | | | Date | | |
|---|---|---|---|---|---|
| SLISHER,LAUREN-2317 | | | 05/22/2022 | | |
| Status | Pending ☒ | Arrest Adult ☐ | Exceptional Adult ☐ | Admin Close ☐ | Approving Supervisors Signature | P.N |
| | Unfounded ☐ | Arrest Juvenile ☐ | Exceptional Juvenile ☐ | | DALEY,PAUL | 2042 |

Printed By: 2037 - David Herron on 05/23/2022 at 13:01

Video Tape On File #:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend 03888

## South Bend Police Department
## Pursuit Review

| | |
|---|---|
| **Case #** | 22-6088 |
| **Officer:** | Ptlm. Slisher |
| **Supervisor:** | Sgt. Daley |
| **Date of Incident** | 5/22/2022 |
| **Time of Incident** | 0034hrs |
| **Vehicle and Pedestrian Tra** | |
| **Speed** | 91mph |
| **Road Conditions** | Dry |
| **Weather** | |
| **Reason for Pursuit** | Traffic Violation |

*VP2022-0030*

**1. Was this Officer's pursuit within policy?**

(YES) NO
YES (NO)
(YES) NO
YES NO
YES NO

| Initial | PN | Date |
|---|---|---|
| KS | 2093 | 5-31 |
| SX | 205 | 5-31 |
| BR | 2141 | 5-31 |
| | | |
| | | |

If not explain.

**2. Did the severity of the crime outweigh the danger to the community?**

(YES) NO
(YES) NO
(YES) NO
YES NO
YES NO

| Initial | PN | Date |
|---|---|---|
| KS | 2093 | 5-31 |
| SX | 405 | 5-31 |
| BC | 2141 | 5-31 |
| | | |
| | | |

If not explain.

**3. Did the officer operate with due regard for public safety?**

(YES) (NO)
YES (NO)
(YES) NO
YES NO
YES NO

| Initial | PN | Date |
|---|---|---|
| KS | 2093 | 5-31 |
| SY | 405 | 5-31 |
| BR | 2141 | 5-31 |
| | | |
| | | |

**Comments:**

Sgt. to Capt. Joe L. Found Driving 91mph in Residential Zone, was not driving with Due Regard which is a Felony Violation. However #1 & when off. Slisher Proceeded thru Red light at Corby / Ironwood it was indeed. She was not in Pursuit. of motorcycle until after traffic signal. So there was no violation because she did not have lights / siren on.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

South Bend Police Department
Post Pursuit Form

Report Number: 2200006088 000                                      Page 1 of 1
================================================================

Pursuit Date: 05/22/2022 00:43                    *Ptlm. Slisher*

Reason For Initial Stop: Traffic Violation

Location Pursuit Initiated:   IRONWOOD AND CORBY BLVD
Location Pursuit Ended:       1515 N IRONWOOD
Pursuit Distance:             LESS ONE MILE

Other Agencies Involved:
Total Agencies Involved: 01

Average Speed: 065        Maximum Speed: 091

Traffic Conditions: Light Traffic

Weather:              Clear

Road Conditions:      Dry

Light Conditions:     Dark (No Street Lights)

Reason For Stop:      Pursuing Officer Stop

                      Suspect Information:
Suspect Name: UNKNOWN,PERSON - No Arrest Made

                      Suspect Vehicle Information:
Vehicle: UNKNOWN - Suspect
Owner:
                      Charge Information:
Charge 1:
Charge 2:
Charge 3:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER